IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SIDNEY JAMES BAKER, ) | |
| AIS #00199075, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 17-00389-TM-N |
| ) | |
| LEON BOLLING, *Warden,* ) | |
| *Fountain Correctional Facility,* ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATIONS**

This action is before the Court on the operative petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 3) filed by Petitioner Sidney James Baker, an Alabama prisoner proceeding *pro se*.[1] The Court has referred the petition to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (10/5/2017 electronic reference). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

---

[1] Because Baker's initial habeas petition (Doc. 1) was on an outdated form, he was ordered to file a new petition on the Court's current form, resulting in the operative habeas petition. *See* (Doc. 2); Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts (A § 2254 "petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. The clerk must make the forms available to petitioners without charge."); S.D. Ala. CivLR 9(a) ("All persons applying or petitioning for release from custody under 28 U.S.C. § 2241 or 28 U.S.C. § 2254…must file their application, petition, or motion with the Clerk using forms available from the Court.").

After conducting preliminary review of the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, the undersigned entered an order setting a deadline for Baker "to file with the Court any briefing, evidence, and/or other materials he deems necessary to show why his petition should not be dismissed as time-barred."  (Doc. 4).  Baker timely filed a response to that order (Doc. 5).  After reviewing the response, the undersigned ordered that the petition be served on the Respondent for an answer under Rule 5 of the Rules Governing Section 2254 Cases.

The Respondent, through the Office of the Attorney General of the State of Alabama, timely filed an Answer (Doc. 10) to the operative petition and, in response to the Court's order to supplement (Doc. 11), a Supplemental Answer (Doc. 12) addressing the arguments made in Baker's response to the previous show-cause order on timeliness.  Baker has not submitted a reply to the Respondent's answers, the deadline to do so has expired, and the petition is now under submission for determination of whether expansion of the record and/or an evidentiary hearing is warranted.  *See* (Doc. 11); Rules 7 and 8(a) of the Rules Governing Section 2254 Cases.  Having reviewed the petition, Baker's show-cause response, the Respondent's answers, and the records from the state court proceedings in accordance with Rule 8(a) of the Rules Governing Section 2254 Cases, the undersigned finds that neither expansion of the record nor an evidentiary hearing is needed, and that Baker's habeas petition is due to be **DISMISSED with prejudice** as both time-barred and without merit

### I.   *Analysis*

#### A.   **Statute of Limitations**

As was previously explained in the undersigned's order for Baker to show cause why his petition should not be dismissed as untimely (*see* Doc. 4), because Baker's habeas petition was filed after April 24, 1996, it is subject to application of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). *E.g.*, *Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1281 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1625 (2013). Among other things, AEDPA imposes the following time limit for bringing habeas petitions:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).   Nothing in Baker's present petition or his show-cause response supports running his one-year limitations period from any of the dates in §

2244(d)(1)(B) – (D).  Thus, Baker had "one year from the date his judgment of conviction and sentence bec[a]me[] final to file a petition for a writ of habeas corpus in federal court." *Walton v. Sec'y, Florida Dep't of Corr.*, 661 F.3d 1308, 1310 (11th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)(A)).

Baker challenges a criminal judgment handed down by the Circuit Court of Conecuh County, Alabama (Case No. CC-2013-62).[2]  The state court records produced by the Respondent show that on April 22, 2014, Baker pleaded guilty to one count of murder in violation of Ala. Code § 13A-6-2 and was sentenced to life imprisonment under Alabama's Habitual Offender Act.  (See Doc. 10-1 [Respondent's Ex. A, 4/22/2014 Guilty Plea & Sentencing Hearing Transcript]). Baker took no direct appeal of that judgment.  Thus, Baker's AEDPA clock began running on June 4, 2014, the date following the last day for Baker to file a notice of appeal.  *See* Ala. R. App. P. 4(b)(1) ("In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after pronouncement of the sentence…"); Fed. R. Civ. P. 6(a)(1)(A)-(B) ("[I]n computing any time period specified in … any statute that does not specify a method of computing time … [we must] exclude the day of the event that triggers the period [and] count every day, including intermediate Saturdays, Sundays, and legal holidays…"); *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("Consonant with Fed. R. Civ. P. 6(a)(1), AEDPA's one-year limitation period begins

---

[2] Because Baker challenges a criminal judgment handed down by a state court within this judicial district, *see* 28 U.S.C. § 81(c), this Court has jurisdiction to entertain his petition.  *See* 28 U.S.C. § 2241(d).

to run from the day after the Supreme Court enters an order denying the petition for writ of certiorari.").

"The limitation period is tolled for '[t]he time during which a properly filed application for State post-conviction or other collateral review' is pending." *Walton*, 661 F.3d at 1310 (quoting 28 U.S.C. § 2244(d)(2)).  The record indicates that Baker filed a petition for post-conviction relief under Alabama Rule of Criminal Procedure 32 with the Conecuh County Circuit Court on March 16, 2015 (*see* Doc. 10-2 at 9 – 26 [Respondent's Ex. B, pp. 8 – 25]), the date he certified under penalty of perjury that it was being mailed,[3] thus tolling Baker's AEDPA clock with 285 days elapsed and 80 days left.  *See McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) ("a [Alabama] Rule 32 petition is a tolling motion under § 2244(d)(2)").  Baker filed an amended Alabama Rule 32 petition on July 30, 2015, the date he certified it was mailed.  (*See* Doc. 10-2 at 97 – 109 [Respondent's Ex. B, pp. 96 – 108]).  After appointing counsel for Baker and holding an evidentiary hearing, the circuit court denied Baker's Alabama Rule 32 petition by order entered May 9, 2016.  (*Id.* at 119 – 121 [Respondent's Ex. B, pp. 118 – 120]).

Under § 2244(d)(2), a tolling application "is pending as long as the ordinary state collateral review process is 'in continuance'-i.e., 'until the completion of' that

---

[3] *See* (Doc. 10-2 at 15 [Respondent's Ex. B, p. 14]; *Ex parte Allen*, 825 So. 2d 271, 272 (Ala. 2002) ("Alabama courts have held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." (citing *Holland v. State*, 621 So. 2d 373, 375 (Ala. Crim. App. 1993) ("[W]e hold that a pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."))).

process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002). "Therefore, a state post-conviction application is 'pending' under § 2244(d)(2) both when it actually is being considered by the state habeas court and during the gap of time between the state habeas court's initial disposition and the petitioner's timely filing of a petition for review at the next level." *Wade v. Battle*, 379 F.3d 1254, 1262 (11th Cir. 2004) (per curiam) (citing *Saffold*, 536 U.S. at 220, 226). Continuing to be represented by appointed counsel, Baker timely appealed the circuit court's denial of his Alabama Rule 32 petition. The Alabama Court of Criminal Appeals affirmed the circuit court's decision by memorandum opinion issued December 9, 2016 (Doc. 10-5 [Respondent's Ex. E]), and the Alabama Supreme Court summarily denied Baker's petition for certiorari review of that decision on March 10, 2017 (Doc. 10-9 [Respondent's Ex. I]), with both appellate courts issuing certificates of judgment that same day. (*See id.*; Doc. 10-10 [Respondent's Ex. J]).

Thus, Baker's AEDPA clock began running again on March 11, 2017.[4] With 80 days remaining, Baker had until Tuesday, May 30, 2017, to file either another

---

[4] Applications for rehearing are not permitted for decisions of the Alabama Supreme Court denying certiorari review. *See* Ala. R. App. P. 39(l). Additionally, and contrary to the Respondent's contention (*see* Doc. 10 at 5), the AEDPA statute of limitations is not tolled during the time to seek certiorari review with the United States Supreme Court of a state court's denial of post-conviction relief. *See Lawrence v. Florida*, 549 U.S. 327, 331–36 (2007).

tolling motion in state court or a habeas petition in federal court.[5] There is no indication in the record that Baker filed another tolling motion on or before that date,[6] and his initial habeas petition in this action was not filed until August 22, 2017, the date he certifies under penalty of perjury that it was delivered to prison officials for mailing – almost 3 months too late. *See* (Doc. 1 at 13); Rule 3(d) of the Rules Governing Section 2254 Cases.

### B.     Equitable Tolling

> If a defendant files a petition for a federal writ of habeas corpus beyond the one-year limitation period, the district court may still review an untimely petition filed by a petitioner entitled to equitable tolling. As the Supreme Court has explained, the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, and Section 2244 does not bar the application of equitable tolling in an appropriate case. *Holland v. Florida,* 560 U.S. 631, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010).
>
> The Supreme Court [has] reaffirmed, however, that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted); *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when a movant untimely files because of extraordinary

---

[5] Eighty days from March 10, 2017, fell on Monday, May 29, 2017, which was Memorial Day, a legal holiday. *See* 5 U.S.C. § 6103. Accordingly, the deadline was extended to the following business day. *See* Fed. R. Civ. P. 6(a)(1)(C).

[6] Any tolling motion filed after that date could "not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired." *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003). *See also Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition…that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." (quotation omitted)).

> circumstances that are both beyond his control and unavoidable even with diligence"). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.' " *Holland,* 130 S. Ct. at 2565 (internal quotation marks and citation omitted). As for the "extraordinary circumstance" prong, [it] require[s] a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *See Lawrence v. Florida,* 421 F.3d 1221, 1226–27 (11th Cir. 2005).

*San Martin*, 633 F.3d at 1267.

In his response to the Court's show-cause order, Baker argues that he is entitled to equitable tolling because his appointed counsel for his Alabama Rule 32 proceedings, Anthony Bishop, failed to timely inform him of the Alabama Supreme Court's March 10, 2017 certiorari denial. In support, Baker submits an affidavit from Bishop (Doc. 5 at 5 – 6) averring that, on June 27, 2017, Baker contacted Bishop asking about the status of his case. Learning that Baker had not received the order denying certiorari, Bishop "immediately sent him a copy." (*Id.* at 6). Bishop further avers that Baker "had no means of receiving the notice other than" from Bishop, that his "recollection was that [he] sent [Baker] a copy of the order" previously, but that a review of his office records revealed no copy of "the cover letter that would have accompanied the order" had it been sent prior to June 27, 2017. (*Id.*). Accordingly, Bishop concludes that he "did not send [Baker] a copy" of the order denying certiorari "until June 27, 2017." (*Id.*).

Bishop's inadvertent failure to timely inform Baker of the Alabama Supreme Court's denial of certiorari does not entitle Baker to equitable tolling. "[A]gency law…provide[s] the principles that govern a client's accountability for his attorney's

errors…Under fundamental principles of agency law, the agency relationship between an attorney and his client can be severed, with the result that the client is not constructively charged with his attorney's knowledge or actions when, for example, the attorney actually abandons his client or purposely acts adversely to his client's interests or commits another serious breach of loyalty to his client…An agent is not deemed to have acted adversely to his principal's interests simply because he blundered and made an unwise, negligent, or grossly negligent mistake that harmed those interests.  Instead, an agent is deemed to have acted adversely to his principal's interests only when he acts, or fails to act, for the purpose of advancing his own interests or those of a third party." *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1229 (11th Cir. 2017), *cert denied*, 138 S. Ct. 1042 (2018).  Therefore, "attorney negligence, even gross or egregious negligence, does not by itself qualify as an 'extraordinary circumstance' for purposes of equitable tolling; either abandonment of the attorney-client relationship,…<u>or</u> some other professional misconduct <u>or</u> some other extraordinary circumstance is required."  *Id.* at 1220.[7] *See also Downs v. McNeil*, 520 F.3d 1311, 1325 (11th Cir. 2008) ("When an attorney miscalculates a deadline, fails to adequately raise a potentially meritorious claim, or otherwise makes a run-of-the-mill mistake, a habeas petitioner must live with the consequences of the error.").

---

[7] "Circumstances other than abandonment can meet the extraordinary circumstance element for equitable tolling. Among them are…pre-<u>Holland</u> circumstances of bad faith, dishonesty, divided loyalty, and mental impairment." *Cadet*, 853 F.3d at 1236.

Bishop's actions do not rise beyond the level of negligence, and therefore do not constitute "extraordinary circumstances" warranting equitable tolling. Bishop's affidavit states that he had intended to promptly inform Baker of the Alabama Supreme Court's denial of certiorari, and indeed believed that he had, but for whatever reason failed to do so. When Baker contacted him on June 27, 2017, to inquire about the status of his case, revealing his ignorance of the Alabama Supreme Court's action, Bishop sent Baker a copy of the court's order that same day. Although Bishop may have failed to timely notify Baker of the Alabama Supreme Court's ruling, "he did not withdraw from representing [Baker], renounce his role as counsel, utterly shirk all of his professional responsibilities to [Baker], or walk away from their attorney-client relationship." *Cadet*, 853 F.3d at 1234.[8]

---

[8]   Baker's generalized claims, unsupported by specifics, of being provided "inadequate access to counsel or legal assistance" while incarcerated, and being "unconstitutionally denied access" to court (*see* Doc. 1 at 12), are insufficient to show entitlement to equitable tolling. *See Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) ("The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory."); *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1314 (11th Cir. 2001) (per curiam) ("Helton's declaration lacks the necessary specificity to show when he found out about the library's alleged deficiency and what—if anything—he did to remedy the defect. For example, Helton never asserts that he asked for the amendments to the federal habeas corpus statutes, or that he was even aware the library did not have these materials at the time he filed his section 2254 petition. Helton fails to state any independent efforts he made to determine when the relevant limitations period began to run, let alone that the DeSoto Correctional Institution somehow thwarted his efforts. Thus, the record evidence is insufficient to support a connection between Helton's untimely filing and any alleged inadequacies in the prison library.").

Additionally, the mere fact that Baker filed his federal habeas petition *pro se* is not an extraordinary circumstance permitting equitable tolling. The Eleventh Circuit has "stated that '*pro se* litigants, like all others, are deemed to know of the one-year statute of limitations.' *Outler v. United States*, 485 F.3d 1273, 1282 n.4

Moreover, Baker has not demonstrated that he acted with reasonable diligence after receiving notice of the Alabama Supreme Court's denial of certiorari in his Alabama Rule 32 appeal.  A cover letter written by Bishop's legal assistant to accompany the copy of the Alabama Supreme Court's order that was sent to Baker on June 27, 2017, states that Baker had already "spoke with Mr. Bishop" about the order (Doc. 5 at 3), indicating Baker was already made aware of the Alabama Supreme Court's denial of certiorari on that day.  Even granting an additional week for Baker to receive the order in the mail, however, Baker did not mail his initial habeas petition until almost two months later, on August 22, 2017, and he has made no effort to explain why such a delay was necessary.  *Cf. Holland*, 560 U.S. at 653 ("[T]he *very day* that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court.").

Accordingly, Baker is not due the extraordinary remedy of equitable tolling,[9] and his habeas petition is due to be **DISMISSED with prejudice** as time-barred.

---

(11th Cir. 2007) (concerning the one-year limitation period for motions by federal prisoners under 28 U.S.C. § 2255). And [it] ha[s] not accepted a lack of a legal education as an excuse for a failure to file in a timely fashion. *See Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (stating that "procedural ignorance [has never been accepted] as an excuse for prolonged inattention when a statute's clear policy calls for promptness") (quoting *Johnson v. United States*, 544 U.S. 295, 311, 125 S. Ct. 1571, 1582, 161 L. Ed. 2d 542 (2005))." *Spears v. Warden*, 605 F. App'x 900, 904 (11th Cir.) (per curiam) (unpublished) (denying equitable tolling for untimely § 2254 habeas petition), *cert. denied*, 136 S. Ct. 300 (2015).

[9] Baker was also informed of the "actual innocence" equitable exception to AEDPA's statute of limitations in the Court's show-cause order (Doc. 4 at 6 – 7), but he has made no effort to argue that this exception applies.

### C.     Merits

Even if Baker's petition was not time-barred, he would still be due no relief on the merits of the sole claim raised in his operative habeas petition, which is that "the trial court was without jurisdiction to impose sentenc [sic] because it failed to follow the requirements set forth in the voluntary sentencing standards manual." (Doc. 3 at 7).[10]  Habeas relief is available to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the **United States**."   28 U.S.C. § 2254(a) (emphasis added).  Baker fails to explain how his sentence was imposed in violation of any federal law, and the United States Supreme Court has "stated many times that federal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam) (quotations omitted).  Accordingly, Baker's habeas petition is also due to be **DISMISSED with prejudice** as meritless.

### D.     Certificate of Appealability

In § 2254 actions such as this one, a "district court must issue or deny a

---

[10] More specifically, Baker claims the circuit court "failed to follow the procedures for departure from the voluntary sentencing guidelines, failed to complete the In and Out worksheet, failed to state its reason for departure in the sentencing order, and failed to sentence him in accordance with the voluntary sentencing guidelines." (Doc. 3 at 7).  Baker claims that "he was entitled to be sentenced in accordance with the voluntary sentencing guidelines because his Ireland form bore a 'Voluntary Sentencing Standards' notation in two places and his felony sentencing order indicated that his sentencing event was covered by the sentencing standards." (*Id.*). It appears this was the sole claim raised in Baker's initial petition as well. (*See* Doc. 1 at 4 ("Petitioner claim [sic] that he was not sentenced properly under the sentencing guidelines.")).

certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C.A. § 2253(c)(1)(A).

"Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations omitted and punctuation modified).  "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Id.* at 338  (quotations omitted).  However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337.

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* In all cases, "[a] certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)).

Upon consideration, the undersigned finds that Baker should be **DENIED** a Certificate of Appealability as to the present habeas petition because reasonable jurists would not find it debatable whether the Court was correct in dismissing Pope's petition as time-barred under § 2244(d)(1)(A). Moreover, Baker has failed to make a substantial showing of the denial of a constitutional right.[11]

## II.   *Conclusion*

In accordance with the foregoing analysis, it is **RECOMMENDED** that the Baker's operative petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 3) be **DISMISSED with prejudice** as both time-barred and without merit, that

---

[11]   Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010). Should the Court adopt this recommendation and deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

the Court find Baker not entitled to a Certificate of Appealability, and that final judgment be entered accordingly in favor of the Respondent.

**DONE** this the 2nd day of October 2018.

>  /s/ *Katherine P. Nelson*  
> **KATHERINE P. NELSON**  
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for

the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.